I must respectfully dissent from the decision reached by the majority in this case.
In the instant case it is undisputed and clear that appellee, as a political subdivision, owed a duty of care to appellant. However, I respectfully disagree with the majority that appellant breached said duty to be found liable for negligence. In order to constitute a negligence claim, the plaintiff must prove a duty on the part of the defendant to conform to a specific standard of conduct for protection of the plaintiff against an unreasonable risk of injury, a breach of said duty, causation and damages.Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 688. Although the majority is correct in their finding that appellant owed a duty of care to appellee, I find that appellant did not breach such duty and therefore was not negligent.
The record clearly establishes that appellant was not made aware of, nor was properly notified of, said cave-in by the Youngstown Street Department. Therefore the trial court's holding that appellant failed to determine the cause of the cave-in was negligent, is erroneous. Eugene R. Leson, Jr. chief engineer for thirteen years for appellant, specifically testified that there were no reports made from the Youngstown Street Department to appellant in the summer of 1993. The trial court also heard the testimony of Anthony Sammartino, an employee of appellant who testified that he was never notified or dispatched to do any repairs to the location in question. Further, appellees own witness, and partner, Michael F. Koval testified that he never saw appellant arrive at the location. Mr. Koval did acknowledge that the Youngstown Street Department was present at the scene. However Mr. Koval also testified that he did not see appellant present at the scene. In fact, Mr. Leson, on cross examination further testified that appellant did not have any files on record of the within cave-in.
Based upon the testimony presented to the trial court it is evident that there was no competent, credible evidence going to all the essential elements of negligence on the part of appellant. Note that it is apparent that the City of Youngstown Street Department did not follow the internal procedures which require notifying appellant of any road repairs associated with a waterline in this case. Thus, I personally cannot agree with the majority that appellant breached its duty of care nor, that it was properly found negligent.
Under appellant's second assignment of error it is evident that appellants maintenance and operation of a water system is a proprietary function. The negligent maintenance of said functions will hold a political subdivision liable for damages. Given my discussion under appellant's first assignment of error, I would have rendered appellant's second assignment of error moot.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE